The judgment of the court was pronounced by
Rost, J.
The plaintiff is the holder of a written obligation of the defendant, which is in these words :
“ On demand, I promise to pay to Mrs. Arabella B. Floranee, on the return of this note by her in person, twenty-eight hundred dollars, for value received.
“ T. C. Twitchell.'’
She sues for $300 and interest, the balance alleged to be due thereon.
The defendant in his answer, admits the execution of the obligation,- but alleges that sin'ce its date he has paid to the plaintiff and' her husband,-through her order, more than the’ amount of the’ note. That the amount thus paid by him was either in money to tlie plaintiff or hei‘ husband,-or for necessaries of life furnished to the plaintiff’s family, which she is bound to pay; her husband being insolvent. The defendant has appealed from the judgment rendered against him on that issue. Iiis counsel first urges in his behalf, that there is no evidence that the note sued upon is the private property of the plaintiff, that it must therefore be presumed to belong to the community, and that he is entitled to compensate with it sums due him by the plaintiff’s husband.
*17 The fact may be as stated by counsel, but the defendant has precluded himself from taking advantage of it.
By the peculiar form of the obligation he has contracted, and the partial execution of it at various times; by his irregular connexion in business with the plaintiffs husband, and his thorough knowledge of their affairs; by the part he has taken in their attempt to conceal the community property, and make it appear the property of the wife, if such an attempt has been made; and finally, by his answer he has created a state of facts which he cannot be permitted to contradict. See Freeman v. Savage et al., 2 Ann. 269.
On the merits, the advances to the husband were not made on the order of the wife, and we do not consider the evidence sufficient to charge her separate estate. There are some items in the defendant’s account for which she was originally bound, but in the usital course of dealing between the defendant and the plaintiffs’ husband, those items were charged to the account of the latter at a time when there was a large balance in his favor. The district judge considered that the plaintiff could not be affected by the transactions which subsequently brought the balance of the account against her husband, and that those items must be held to have been paid. We are unable to say that he erred.
The judgment is therefore affirmed,- with costs-.